UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| | ) | |
| JAMES VALENTA AND MICHELE VALENTA, | ) | CASE NO. 11-50262 |
| | ) | |
| | ) | HON. EUGENE R. WEDOFF |
| Debtors. | ) | Hearing Date: November 20, 2013 |
| | | Hearing Time: 10:00 a.m. |

**AMENDED
COVER SHEET FOR APPLICATION FOR
<u>PROFESSIONAL COMPENSATION</u>**

Name of Applicant:   GUS A. PALOIAN, Chapter 7 Trustee

Date of Order Authorizing Employment:   December 15, 2011

Period for Which
Compensation is Sought:   February 1, 2012, through the close of the case

Amount of Fees Sought:   $9,250.00

Amount of Expense
Reimbursement Sought:   $0.00

This is an:                         Interim Application                Final Application:    X

If this is <u>not</u> the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed |
|---|---|---|---|
| | | | |
| | | | |

The aggregate amount of fees and expenses <u>paid</u> to the Applicant to date for services rendered and expenses incurred herein is:

Date:   November 5, 2013              By:   /s/ Gus A. Paloian
                                                    Applicant: GUS A. PALOIAN, Chapter 7 Trustee

15900489v.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | Case No. 11-50262 |
| ) | Chapter 7 |
| JAMES VALENTA AND MICHELE ) | |
| VALENTA, ) | Hon. Eugene R. Wedoff |
| ) | |
| Debtors. ) | Hearing Date:  November 20, 2013 |
| ) | Hearing Time:  10:00 a.m. |

**AMENDED
FIRST AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF
COMPENSATION  TO CHAPTER 7 TRUSTEE**

Gus A. Paloian, not individually or personally, but solely in his capacity as the duly-appointed Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of the above-captioned debtors (the "Debtors"), respectfully requests (the "Application") that the Court enter an order, substantially in the form of that attached hereto, allowing and authorizing payment to the Trustee of $9,250.00 in final compensation (the "Fees") for services rendered in the above-captioned case from February 1, 2012, through the closing of the case (the "Application Period").  In support of this Application, the Trustee respectfully states as follows:

**I. JURISDICTION**

1.      This Court has subject matter jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(1) and (b)(2)(A) and/or (M). The predicates for the relief requested herein are 11 U.S.C. §§ 326(a) and 330(a), as supported by Federal Rules of Bankruptcy Procedure 2016(a), and 9034(e).

15900489v.1

## II. BACKGROUND

### A. Procedural Background

2. On December 15, 2011, the Debtors filed their voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 through 1330, as amended (the "Bankruptcy Code"), thereby commencing the above-captioned case (the "Case").

3. Shortly thereafter, Gus A. Paloian was appointed as Chapter 7 Trustee in the Case.

### B. Overview of Asset Recoveries for the Estate

#### Sale of Personal Property

4. The Trustee liquidated the Debtors' personal property consisting of a personal injury claim, pursuant to Court order dated May 16, 2012. As a result of the settlement of the personal injury litigation, the Trustee recovered gross proceeds of $150,000.00 on behalf of the Estate's creditors.

### C. Services Rendered by the Trustee to the Estate

5. During the Application Period, the Trustee performed 38.40 hours of actual and necessary services on behalf of the Estate, worth a total value of $10,855.50. An itemized statement describing the services rendered is attached hereto as **Exhibit 1.**

6. The services included, but were not limited to, the following:

   A. Analyzing the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs; conducting a Section 341 examination of the Debtors; conducting an investigation of the Debtors' assets and financial affairs;

   B. Instructing counsel to prepare necessary pleadings and motions in the case;

2

    C.    Communicating and coordinating with the special counsel regarding the settlement of the personal injury litigation;

    D.    Preparing and filing proofs of claim on behalf of the medical claimants involved in the personal injury case;

    E.    Reviewing schedules, bank ledgers and claims in preparation of the final report;

    F.    Attending to and processing the Debtors' exemptions;

    G.    Communicating with tax accountants with respect to evaluating the Estate's tax obligations;

    H.    Maintaining Estate's bank accounts, performing bank reconciliations and investing the funds collected and liquidated; and

    I.    Preparing reports, as required, by the United States Trustee.

### III. RELIEF REQUESTED

7.    The Trustee respectfully requests that the Court allow and award him, on a final basis, the Fees and authorize him to pay the Fees out of Estate funds, for services rendered in the Case. A draft order granting such relief is attached hereto for the Court's consideration.

### IV. BASIS FOR REQUESTED RELIEF

#### A. Applicable Standards for Trustee Compensation

8.    Sections 326(a) and 330(a) of the Bankruptcy Code guide the Court in determining the amount of compensation to be awarded to a trustee. See Staiano v. Cain (In re Lan Assocs. XI, L.P.), 192 F.3d 109, 115 (3d Cir. 1999); In re Jenkens, 130 F.3d 1335, 1337 (9th Cir. 1997).

9. Section 326(a) of the Bankruptcy Code limits the maximum amount of compensation that may be awarded to a trustee. See id.; In re Churchfield Mgmt. & Inv. Corp., 98 B.R. 838, 889 (Bankr. N.D. Ill. 1989) (Schmetterer, J.). This amount is "calculated by a percentage of the moneys brought into the Estate by the trustee's services." Churchfield Mgmt. & Inv. Corp., supra. In this respect, Section 326(a) of the Bankruptcy Code provides, as follows:

> In a case under chapter . . . 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C. § 326(a).

10. The Court has the power to determine the reasonableness of the compensation requested by a trustee, up to the statutory limit. See In re The Landing, Inc., 142 B.R. 169, 171 (Bankr. N.D. Ohio 1992) (collecting cases).

11. In this connection, Section 330(a)(1) of the Bankruptcy Code enumerates the general standard for approving trustee requests for compensation, as follows:

> (a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, . . . [or to] a professional person employed under section 327 or 1103—
> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
> (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

12. "The ultimate issue to be reached is the question of the extent, value, necessity and reasonableness of the work performed for which compensation is sought by the Trustee and

4

the attorneys and paralegals for the Trustee[.]" In re Prairie Cent. Ry. Co., 87 B.R. 952, 956 (Bankr. N.D. Ill. 1988) (Squires, J.).

13. The Trustee respectfully submits that the Application provides the Court with the information necessary to determine the Trustee's reasonable compensation.

### B. Application of the Cited Standards to the Requested Relief

14. This Application is the Trustee's first and final application for compensation in this Case.

15. The Section 326(a) calculation permits the Trustee to receive a potential total fee award of up to $9,250.00.

16. As part of this Application, the Trustee requests that he be authorized to pay the amount awarded from the funds on hand in the case and that the monies awarded and paid to Trustee be deemed final.

### V. TRUSTEE'S FINAL REQUEST FOR COMPENSATION

17. The maximum compensation allowable to Trustee based upon Section 326(a) of the Bankruptcy Code is calculated as follows:

| | | |
|---|---|---|
| 25% of the first $5,000.00 disbursed | = | $1,250.00 |
| 10% of the next $45,000.00 disbursed | = | $4,500.00 |
| 5% of the next $70,000.00 disbursed | = | $3,500.00 |
| 3% of the $0.00 disbursed | = | $    0.00 |
| MAXIMUM COMPENSATION ALLOWABLE | = | $9,250.00 |
| **COMPENSATION REQUESTED** | = | **$9,250.00** |

18. As of the date of the Application, the Trustee collected $150,000.00 for the benefit of the Estate and disbursed $82,413.73. There will not be a surplus of funds turned over to the Debtors in this case.

5

19. The Trustee requests allowance of final compensation in this case in the amount of $9,250.00. The amount requested is equal to the maximum compensation allowable as set forth above. The Trustee believes that this request is justified under a reasonableness analysis of the facts of this case.

20. The Trustee believes that the compensation requested is appropriate in light of the results and benefits achieved through his efforts on behalf of the Estate and its creditors.

## VI.  **NO PRIOR REQUEST**

21. No prior request for the relief requested by this Application has been made to this Court or to any other court.

WHEREFORE, Gus A. Paloian, not individually or personally, but solely in his capacity as the duly-appointed Trustee of the Debtors' Estate, respectfully requests that the Court enter an Order:

    A.    Allowing and awarding compensation to Trustee in the amount of $9,250.00 on a final basis;

    B.    Authorizing the Trustee to pay the amount awarded from the funds held on account in the Estate as part of his final distribution; and

    C.    Granting such other and further relief as the Court deems just and proper.

Dated:  November 5, 2013

Respectfully submitted,

GUS A. PALOIAN, not individually, but solely as the Chapter 7 Trustee of the Debtors' Estate

By: /s/ Gus A. Paloian
    Gus A. Paloian (06188186)
    SEYFARTH SHAW LLP
    131 South Dearborn Street
    Suite 2400
    Chicago, Illinois 60603-5577
    Telephone:  (312) 460-5000

6

# EXHIBIT 1

**TRUSTEE**

| Date | Description | Timekeeper | Hours | Amount |
|---|---|---|---|---|
| 02/01/12 | Prepare/file Initial Report of Assets. | J. McManus | 0.20 | 51.00 |
| 02/02/12 | Open case in TCMS (.20); review scheduled assets (.20). | J. McManus | 0.40 | 102.00 |
| 02/23/12 | Telephone conference with debtors' counsel regarding execution of settlement paper, Exemption C and possible surplus estate. | G. Paloian | 0.50 | 300.00 |
| 04/24/12 | Prepare case status report. | J. McManus | 0.20 | 51.00 |
| 05/15/12 | Download claims into TES. | J. McManus | 0.20 | 51.00 |
| 05/16/12 | Email to J. Cichon enclosing settlement Order and requesting settlement funds (.10); confer with G. Paloian regarding retrieval of settlement proceeds (.20); review claims register regarding secured claims (.10); review Schedule C (.10); download claims into TES (.30). | J. McManus | 0.80 | 204.00 |
| 05/16/12 | Telephone conference with J. Cichon regarding settlement approval and payment of lien claims (.30); review debtors' schedules (Schedule C) and search for amendments, if any (.30). | G. Paloian | 0.60 | 360.00 |
| 05/21/12 | Email J. Cichon regarding claims to be filed on behalf of medical claimants from personal injury case. | J. McManus | 0.10 | 25.50 |
| 05/22/12 | Communication with debtor's counsel regarding amendment to Schedule C. | G. Paloian | 0.20 | 120.00 |
| 05/23/12 | Communications with J. Cichon regarding settlement funds and administrative claims to be filed (.30); confer with G. Paloian regarding exemptions (.10). | J. McManus | 0.40 | 102.00 |
| 05/25/12 | Confer with G. Paloian regarding claims to be filed regarding medical lien claimants (.10); confer with J. Cichon regarding same and regarding turnover of settlement funds (.20). | J. McManus | 0.30 | 76.50 |
| 05/29/12 | Confer with J. Cichon regarding preparation of secured claims filed on behalf of the Trustee in connection with lien claims from personal injury case (.30); discuss same with G. Paloian (.10). | J. McManus | 0.40 | 102.00 |
| 05/31/12 | Prepare and file Humana claim (.70); prepare and file Allstate claim (.80). | A. Connor | 1.50 | 397.50 |
| 06/01/12 | Telephone conference with J. Cichon regarding settlement funds. | J. McManus | 0.10 | 25.50 |
| 06/12/12 | Confer with J. Sowka regarding status of settlement. | J. McManus | 0.10 | 25.50 |
| 06/12/12 | Attend to banking issues (settlement proceeds) and medical provider claim review. | G. Paloian | 0.40 | 240.00 |
| 06/19/12 | Reconcile bank accounts (.20); confer with J. Cichon regarding payment of fees (.10). | J. McManus | 0.30 | 76.50 |

| Date | Description | Timekeeper | Hours | Amount |
|---|---|---|---|---|
| 06/20/12 | Confer with J. Cichon regarding payment of fees (.10); confirm that settlement checks cleared the bank (.10); reconcile bank account (.10); set up claims in TES (.30); set up assets in TES (.30). | J. McManus | 0.90 | 229.50 |
| 06/21/12 | Reconcile bank account and update banking file. | J. McManus | 0.30 | 76.50 |
| 07/11/12 | Communicate with debtor's counsel regarding payment of exemption (amended) on personal injury claim. | G. Paloian | 0.30 | 180.00 |
| 07/12/12 | Review Amended Schedule C to determine Debtors' exemptions (.10); confer with G. Paloian regarding same (.10); phone call to Debtors' counsel regarding James Valenta current value of exemption (.10). | J. McManus | 0.30 | 76.50 |
| 07/13/12 | E-mail communications with M. Sherman regarding Debtors' exemptions and need for revised Schedule C (.20); run draft distribution report (.30); confer with TES regarding same (.20). | J. McManus | 0.70 | 178.50 |
| 07/16/12 | Telephone conference with M. Valenta regarding payment of her exemption (.10); process exemption and forward same to M. Valenta (.30); confer with M. Sherman and G. Paloian regarding J. Valenta exemption and Amended Schedule C (.20); run draft Final Report (.30). | J. McManus | 0.90 | 229.50 |
| 07/16/12 | Communicate with M. Sherman, debtor's counsel, regarding payment on exemptions (.20); communicate with J. McManus regarding same (.10); attend to payment of exemption (.10). | G. Paloian | 0.40 | 240.00 |
| 07/17/12 | Review second amended Schedule C (.10); confer with M. Valenta regarding same (.10); update banking file (.10). | J. McManus | 0.30 | 76.50 |
| 07/18/12 | Conference with G. Paloian regarding case status. | J. McManus | 0.10 | 25.50 |
| 07/19/12 | Confer with M. Valenta regarding exemption check (.10); reconcile bank accounts (.20). | J. McManus | .30 | 76.50 |
| 07/23/12 | Prepare case status report for meeting with G. Paloian (.20); meeting with G. Paloian regarding same (.10). | J. McManus | 0.30 | 76.50 |
| 07/24/12 | Draft exemption check to James Valenta. | J. McManus | 0.20 | 51.00 |
| 08/20/12 | Prepare Distribution Report. | J. McManus | 1.20 | 306.00 |
| 08/22/12 | Download claims into TES (.20); prepare Final Report (.60). | J. McManus | 0.80 | 204.00 |
| 08/23/12 | Reconcile bank accounts. | J. McManus | 0.20 | 51.00 |
| 08/31/12 | Revise Distribution Report. | J. McManus | 1.80 | 459.00 |
| 08/31/12 | Communicate with debtor regarding case closing. | G. Paloian | 0.20 | 120.00 |
| 09/04/12 | Prepare Trustee Fee Application. | J. McManus | 0.60 | 153.00 |
| 09/05/12 | Prepare Final Report. | J. McManus | 1.30 | 331.50 |
| 09/06/12 | Revise Trustee Fee Application (.70); revise Final Report (.50). | J. McManus | 1.30 | 331.50 |

| Date | Description | Attorney | Hours | Amount |
|---|---|---|---|---|
| 09/12/12 | Import additional claims into TES ledger. | J. McManus | 0.40 | 102.00 |
| 09/12/12 | Run new distribution report (.60); telephone conference with M. Valenta regarding case status (.20); prepare Trustee Fee Application (.80). | J. McManus | 1.60 | 408.00 |
| 09/28/12 | Revise claims ledger in TES for draft Final Report. | J. McManus | 0.40 | 102.00 |
| 10/01/12 | Revise TES claims ledger. | J. McManus | 0.70 | 178.50 |
| 10/03/12 | Prepare case status report (.10); reverse bank service charges (.10); run draft distribution (.10); prepare final report (.60). | J. McManus | 0.90 | 229.50 |
| 10/04/12 | Revise 4th Quarter case status report. (.20); confer with J. Cichon regarding status of distribution (.10). | J. McManus | 0.30 | 76.50 |
| 10/25/12 | Prepare Final Report, claims analysis spreadsheet. | J. McManus | 1.80 | 459.00 |
| 11/21/12 | Reconcile bank accounts (.20); update banking file (.10). | J. McManus | 0.30 | 76.50 |
| 12/14/12 | Revise Trustee Fee Application. | J. McManus | 0.70 | 178.50 |
| 12/18/12 | Prepare Final Report. | J. McManus | 0.80 | 204.00 |
| 12/18/12 | Reconcile bank accounts. | J. McManus | 0.20 | 51.00 |
| 12/19/12 | Prepare Final Report. | J. McManus | 0.80 | 204.00 |
| 12/31/12 | Reconcile bank accounts (.20); update banking file (.10). | J. McManus | 0.30 | 76.50 |
| 01/03/13 | Run new Final Report. | J. McManus | 0.70 | 189.00 |
| 01/14/13 | Reconcile bank accounts and update banking ledger in TES. | J. McManus | 0.30 | 81.00 |
| 01/18/13 | Enter scheduled assets into TES. | J. McManus | 0.30 | 81.00 |
| 01/23/13 | Revise Final Report. | J. McManus | 0.70 | 189.00 |
| 01/28/13 | Confer with G. Paloian regarding 1099 reporting obligation. | J. McManus | 0.10 | 27.00 |
| 02/05/13 | Revise Final Report. | J. McManus | 0.60 | 162.00 |
| 03/25/13 | Prepare Final Report Notice. | J. McManus | 0.50 | 135.00 |
| 04/01/13 | Confer with M. Valenta regarding claims (.10); adjust claims in TES (.20); confer with Humana regarding payment of claims (.10). | J. McManus | 0.40 | 108.00 |
| 04/09/13 | Email communications with M. Valenta regarding Humana claims. | J. McManus | 0.10 | 27.00 |
| 04/10/13 | Revise Final Report. | J. McManus | 1.00 | 270.00 |
| 05/02/03 | Exchange emails and confer with HSBC regarding amending secured claim. | J. McManus | .20 | 54.00 |
| 05/03/13 | Revise Distribution Report (.80); run new Final Report (.40). | J. McManus | 1.20 | 324.00 |
| 05/06/13 | Review/revise Final Report. | J. McManus | 1.30 | 351.00 |
| 05/15/13 | Update TES with HSBC transfers/assignment of claim. | J. McManus | .20 | 54.00 |

3
15900489v.1

| Date | Description | Attorney | Hours | Amount |
|---|---|---|---|---|
| 05/16/13 | Revise/finalize Final Report. | J. McManus | 1.80 | 486.00 |
| 05/17/13 | Revise claims in TES (.30); revise Final Report accordingly (.40). | J. McManus | .70 | 189.00 |
| | **TOTAL FEES** | | **38.40** | **$10,855.50** |